**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SAMUEL ALLEN WEBB,** | § | |
| | § | |
| **V.** | § | **A-09-CA-292-JN** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE JAMES R. NOWLIN
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court

pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United

States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to

United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C.

§ 2254 (Document 1) and Respondent's Answer (Document 6).  Petitioner did not file a response

thereto. Petitioner, represented by counsel, has paid the filing fee for his application.  For the reasons

set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should

be denied.

**STATEMENT OF THE CASE**

**A.      Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant

to a judgment and sentence of the 33rd District Court of San Saba County, Texas, in cause number

5231.  Petitioner was charged with five counts of sexual assault of a child and three counts of indecency with a child.   The State waived seven of those counts and tried Petitioner on a single count of sexual assault of a child.  He entered a plea of not guilty and was tried by a jury, which on August 29, 2003, found him guilty, following which the court assessed punishment of 15 years imprisonment.

Petitioner appealed, and on August 4, 2005, the Third Court of Appeals of Texas affirmed. Webb v. State, No. 03-04-00004-CR, 2005 WL 1842740 (Tex. App.–Austin 2005).  Webb filed a petition for discretionary review, which the Texas Court of Criminal Appeals granted.  Thereafter, on June 13, 2007, the Court of Criminal Appeals affirmed the judgment of the court of appeals. Webb v. State, 232 S.W.3d 109 (Tex. Crim. App. 2007).

Petitioner also challenged his conviction in a state application for habeas corpus relief.  Ex parte Webb, No. 69,742-02.  The trial court made written findings of fact and conclusions of law and recommended that relief be denied.  On October 8, 2008, the Court of Criminal Appeals denied relief without written order based on the findings of the trial court.  Id. at cover.

**B.     Factual Background**

The factual background of this case is found in the Court of Criminal Appeals opinion and is repeated below.

> Appellant was the campus director of a state-licensed residential facility for emotionally troubled children. The complainant was a resident of the facility. Although Appellant denied that he had engaged in sexual activity with the complainant, he was indicted by the grand jury on November 1, 2001. His trial began almost two years later, on August 25, 2003. During voir dire, defense counsel asked the jury panel if any of the panel members had "heard anyone discuss this case or someone say they thought they knew what the facts of the case might be?" None of the prospective jurors responded. After the jury returned a guilty verdict, but before the sentence was assessed, one of the jurors revealed that she had also served on the

2

grand jury that indicted Appellant. Appellant filed a motion for mistrial and a motion for new trial based in part on the juror's service on both the grand jury and the trial jury.

At a hearing on the motions, the juror testified that all she remembered from the grand jury was Appellant's name and the charges that were filed. She stated that she did not remember if any testimony or written documents were presented to the grand jury. She also did not remember the panel being asked during voir dire whether any of them had ever heard the facts of the case discussed. She stated that she did not know that she could not sit on both the grand jury and the trial jury, and she had not mentioned her service on the grand jury to any of the other jurors during deliberations.

Appellant's motion for mistrial and motion for new trial also alleged that the prosecutor failed to inform him that the complainant might file a civil suit against him. At the hearing on the motions, the prosecutor testified that, prior to the trial she received a phone call from the attorney who was representing the complainant. The attorney mentioned the possibility of filing a suit against Appellant, but the prosecutor asked that the suit not be filed because it would interfere with the criminal trial. Accordingly, complainant's attorney said he would wait to file the civil suit until after Appellant's trial.

The trial court denied the motions for mistrial, finding that although the State had knowledge which probably should have been disclosed to the defense out of an abundance of caution, there was no harm in not informing the defendant of the potential that a suit would be filed. Additionally, the court found that the juror who served on both the grand jury and the trial jury had no actual facts about the case actively in her mind and no harm could have come from her service on both juries.

Webb, 232 S.W.3d at 110-11.

## C.   Petitioner's Grounds for Relief

Petitioner raises the following grounds for relief:

1.      He was denied a fair and impartial jury;

2.      The prosecutor suppressed exculpatory evidence; and

3.      Trial counsel was ineffective.

**D.      Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

**E.      Request for Evidentiary Hearing**

Petitioner argues his trial was fundamentally flawed and he is entitled to a new trial.  Petitioner contends he is also entitled to an evidentiary hearing under the authority of Walker v. Johnston, 312 U.S. 275, 285 (1941); United States v. Hayman, 342 U.S. 205, 220 (1952); and Ladner v. United States, 358 U.S. 169, 178 (1958), all of which predate the AEDPA.  Petitioner argues an evidentiary hearing will be necessary to fully develop his claims.

## DISCUSSION AND ANALYSIS

**A.      AEDPA**

The standard for considering the merits of Petitioner's application for habeas corpus relief is set by the AEDPA.  Under the AEDPA standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson,

4

230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct.

1495, 1523 (2000)).    The inquiry into whether the decision was based on an "unreasonable

determination of the facts" constrains a federal court in its habeas review due to the deference it must

accord the state court.   See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on
> a question of law or if the state court decides a case differently than ... [the Supreme
> Court] has on a set of materially indistinguishable facts.   Under the "unreasonable
> application" clause, a federal habeas court may grant the writ if the state court
> identifies the correct governing legal principle from ... [the Supreme Court's]
> decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts.  See 28 U.S.C.

§ 2254(e)(1).   While we presume such determinations to be correct, the petitioner can rebut this

presumption by clear and convincing evidence.   See id.  Absent an unreasonable determination in

light of the record, we will give deference to the state court's fact findings.   See id. § 2254(d)(2).

With these principles in mind, this Court must now turn to the issues raised by the pleadings in this

cause.

**B.    Evidentiary Hearing**

Section 2254(e)(2) of the AEPDA provides:

> If the applicant has failed to develop the factual basis of a claim in State court
> proceedings, the court shall not hold an evidentiary hearing on the claim unless the
> applicant shows that–

> > (A) the claim relies on–

> > > (i) a new rule of constitutional law, made retroactive to cases on
> > > collateral review by the Supreme Court, that was previously
> > > unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has failed to plead allegations that would entitle him to a hearing. As explained by Respondent, Petitioner cannot plausibly argue that the facts surrounding his allegations were not developed in the state courts, as the trial court held a "live" hearing on both of his claims, following which it made factual findings. See Self v. Collins, 973 F.2d 1198, 1213-14 (5th Cir. 1992) (federal court evidentiary hearing inappropriate where state court had held an evidentiary hearing and made factual findings). The record made in the Texas state courts is more than adequate to dispose of Petitioner's claims. Accordingly, Petitioner's request for an evidentiary hearing should be denied.

## C.     Impartial-Juror Claim

Petitioner asserts he was denied his right to an impartial jury because Sara Huron, a member of the grand jury that indicted him, also served on the petit jury that convicted him. Respondent argues Petitioner has procedurally defaulted this ground for relief.

Petitioner presented this claim on direct appeal. The court of appeals held that, because Petitioner failed to diligently press the statutory inquiries as to the grounds for challenge, he gave up the right to complain that the juror was disqualified. Webb, 2005 WL 1842740, at *4-6. The court of appeals further held that Petitioner did not show that the juror was biased or prejudiced. Id. The Texas Court of Criminal Appeals agreed that Petitioner did not ask specific enough questions to determine whether anyone on the panel had served on the grand jury that indicted him. Webb, 232 S.W.3d at 113. The court held Petitioner forfeited the right to complain that the juror should have

been excused. <u>Id.</u>  The court also concluded that there was no indication that the juror's prior service

on the grand jury deprived Petitioner of a fair and impartial jury. <u>Id.</u> at 114.  The court explained:

> [T]he fact that a juror served on both the grand jury and the trial jury does not necessarily mean that the defendant did not receive a fair and impartial jury. The reasoning behind this ground for challenge for cause is that the grand juror may have seen evidence that was inadmissible at trial and may have formed a bias against the defendant prior to the beginning of the trial. However, in this case, the trial judge questioned the juror regarding what evidence she remembered from the grand jury and determined that she did not even remember if any evidence was presented.
>
> The judge heard testimony from the juror and determined that she did not remember any facts or evidence that may have been presented to the grand jury and she was not biased against Appellant.

<u>Id.</u>

An adequate and independent finding of procedural default bars consideration of a federal

claim on either direct or habeas review if the last state court rendering a judgment in the case "clearly

and expressly" states that its judgment rests on a state procedural bar. <u>Harris v. Reed</u>, 489 U.S. 255,

109 S. Ct. 1038, 1042-43 (1989).  In the absence of a showing of cause for the procedural default

and actual prejudice from the error, federal courts must defer to state default rules. <u>Wainwright v.</u>

<u>Sykes</u>, 433 U.S. 72, 97 S. Ct. 2497 (1977).  The Texas Court of Criminal Appeals plainly stated that

it was applying its procedural default rule and no cause and prejudice was raised here.  Therefore,

the Texas court's finding of procedural default is an adequate and independent state ground that bars

the Court from reviewing the merits of Petitioner's contention.

Alternatively, having independently reviewed the entire state court record, this Court finds

nothing unreasonable in the state court's application of clearly established federal law or in the state

court's determination of facts in light of the evidence.  The Sixth Amendment guarantees an

impartial jury, and the presence of a biased juror may require a new trial as a remedy.  U.S. Const.

amend. VI; see Solis v. Cockrell, 342 F.3d 392, 400 & n. 44 (5th Cir. 2003).  A juror is biased if his "views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath."  Soria v. Johnson, 207 F.3d 232, 242 (5th Cir. 2000) (quoting Wainwright v. Witt, 469 U.S. 412, 424, 105 S. Ct. 844, 852, (1985)).  The state trial court held a hearing to determine whether Juror Huron was biased.  The trial court questioned the juror regarding what evidence she remembered from the grand jury and determined that she did not even remember if any evidence was presented.  The court determined the juror was not biased against Petitioner.  This factual finding is entitled to deference. 28 U.S.C. § 2254(d)(2), (e)(1); Valdez v. Cockrell, 274 F.3d 941, 948 n. 11 (5th Cir. 2001). Consequently, for federal habeas relief, Petitioner must rebut these state-court factual findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  This Petitioner has failed to do.  Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's impartial-juror claim.

**D.    Brady Claim**

In his next ground for relief Petitioner asserts the prosecutor suppressed exculpatory evidence.  Specifically, he claims that the prosecutor failed to divulge to the defense that his victim intended to file a civil suit for damages against him based on his sexual assaults of her.

In Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), the Court held the suppression by the prosecution of evidence favorable to an accused after a request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution.  To establish a Brady violation, Petitioner must prove (1) the prosecutor suppressed or withheld evidence (2) which was favorable and (3) material to the defense.  Id. at 87, 83 S. Ct. at 1196-97; Allridge v. Scott, 41 F.3d 213, 217 (5th Cir. 1994), cert. denied, 514 U.S. 1108, 115 S. Ct.

8

1959 (1995). The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. United States v. Bagley, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383 (1985). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. Id. Brady encompasses evidence that may be used to impeach a witness's credibility. Id. at 676, 105 S. Ct. at 3380. There is no Brady violation if the defendant, using due diligence, could have obtained the information. Williams v. Scott, 35 F.3d 159, 163 (5th Cir. 1994), cert. denied, 513 U.S. 1137, 115 S. Ct. 959 (1995) (citing United States v. Ramirez, 810 F.2d 1338, 1343 (5th Cir.), cert. denied, 484 U.S. 844, 108 S. Ct. 136 (1987)).

The Texas Court of Criminal Appeals rejected Petitioner's Brady claim, concluding that the possibility that a civil suit would be filed after his criminal trial was not material evidence. Webb, 232 S.W.3d 109, 115 (Tex. Crim. App. 2007). The Court held that Petitioner did not show that it is reasonably probable that the outcome of the trial would have been different had the prosecutor disclosed this information. Id. The court explained:

> Appellant offered ample impeachment evidence against this complaining witness for the jury to consider. In light of all the evidence presented against Appellant and the abundant impeachment evidence Appellant offered against the complainant, the additional evidence that the complainant was considering filing a civil suit was not material under Brady.

Id. (internal citations omitted).

It has long been settled as a matter of federal constitutional law that "nondisclosed impeachment evidence is cumulative and immaterial when the witness was impeached sufficiently at trial." Dickson v. Quarterman, 462 F.3d 470, 478-79 (5th Cir. 2006) (citing Edmond v. Collins, 8 F.3d 290, 294 (5th Cir. 1993)). Having independently reviewed the entire state court record, this

9

Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's <u>Brady</u> claim.

**E.      Ineffective Assistance of Counsel**

Petitioner contends trial counsel was ineffective for failing to preserve his impartial-juror claim for appellate review.  Petitioner faults counsel for not uncovering on voir dire examination that Juror Huron had served on the grand jury that indicted him.  According to Petitioner, she was biased against him, and her inclusion on the petit jury denied him his right to a fair and impartial fact-finder. Petitioner also contends trial counsel was ineffective for failing to discover the existence of the civil suit on which his <u>Brady</u> claim is based.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052  (1984):

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

<u>Id.</u> at 687, 104 S. Ct. at 2064.  In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential.  <u>Id.</u> at 686-689, 104 S. Ct. 2064-65.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of

hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

      1.    Impartial-Juror Claim

Petitioner contends counsel rendered ineffective assistance by not adequately questioning Juror Huron and challenging her for cause. This claim depends upon a finding in Petitioner's favor on the biased-juror claim. White v. Quarterman, 275 Fed. Appx. 380, 383 (5th Cir. 2008). Because Petitioner's impartial-juror claim fails, his ineffective-assistance claim fails as well, as Petitioner is unable to demonstrate prejudice.

      2.    Brady

"The test for prejudice under Brady and Strickland is the same." Avila v. Quarterman, 560 F.3d 299 (5th Cir. 2009) (quoting Gonzales v. Quarterman, 458 F.3d 384, 390 (5th Cir. 2006)). Because Petitioner failed to establish prejudice under Brady, he has not established prejudice under Strickland.

11

3.      Conclusion

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

**RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

**CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return

receipt requested.

SIGNED this 23rd day of August, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

14